IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BECKY STEPTOE,** | : | **CIVIL ACTION** |
| Plaintiff | : | |
| | : | |
| vs. | : | NO. 14-5574 |
| | : | |
| **BEST BUY IN TOWN, INC., et al.,** | : | |
| Defendants | : | |

## O R D E R

**AND NOW,** this  11th  day of May, 2015, upon consideration of the plaintiff's motion to exempt this matter from arbitration (Document #13), and the defendants' response thereto (Document #24), IT IS HEREBY ORDERED that the motion is DENIED.

IT IS FURTHER ORDERED that, because this case is in suspense pending arbitration, a response to the plaintiff's motion for partial summary judgment shall not be required unless a request for trial *de novo* is filed after arbitration. The defendants shall have fourteen days from the date such a request is filed[1] to file a response to the motion for partial summary judgment.

BY THE COURT:

  /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

---

[1] In her motion, Ms. Steptoe cites Local Rule of Civil Procedure 53.2(3)(c)(3), which permits the court to exempt a case from arbitration "upon a finding that the objectives of an arbitration trial (i.e., providing litigants with a speedier and less expensive alternative to the traditional courtroom trial) would not be realized because (a) the cases involve complex legal issues;. . ." She argues that the statutes involved in her case "routinely involve complex legal issues . . . such that assigned arbitrators rarely have familiarity with the issues at hand." This action involves the purchase of a used vehicle and its subsequent repossession. I must agree with the defendants that the plaintiff underestimates the ability of arbitrators to understand the facts of this case. Accordingly, because the legal issues involved are not complex, because legal issues do not predominate over factual issues, and because there is no other good cause, I will deny the motion in its entirety.